

*Rec 1 33367*
*Dauphin Co.*

*Summons Issued*
*w N/c act*
*N/c to mags.*

*Kane ①*
*HSL PC*
*2/28*

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DORI L. BEARD, | : CIVIL ACTION NO. |
| Plaintiff | : |
| | : 1:CV 01-0074 |
| v. | : |
| | : |
| PENNSYLVANIA STATE | : |
| UNIVERSITY – PENN STATE | : |
| HARRISBURG CAPITOL COLLEGE, | : |
| LEONARD J. SUPENSKI, and | : CIVIL ACTION – LAW |
| DOROTHY GUY, in their individual | : |
| capacity | : JURY TRIAL DEMANDED |
| Defendants. | : |

**FILED**
**HARRISBURG**

FEB 2 7 2001

MARY E. D'ANDREA, CLERK
Per _____
DEPUTY CLERK

## COMPLAINT

AND NOW comes Plaintiff, Dori L. Beard, by her attorney, Andrew J. Ostrowski, Esquire, and in support of her Complaint, avers as follows:

1.    Plaintiff, Dori L. Beard, is an adult female individual who currently resides at 9148 Joyce Lane, Hummelstown, PA 17036.

2.    Defendant Pennsylvania State University – Penn State Harrisburg Capitol College ("University") is an institution of higher learning that employs in excess of 500 persons and is located at 777 West Harrisburg Pike, Middletown, PA 17057.

3.    Defendant Leonard J. Supenski was, at times relevant hereto, Chief of the Department of Safety Employee Services for Defendant University.

4.    Defendant Dorothy Guy, was, at times relevant hereto, Director of Human Resources for the University.

5.     In July 1989, Plaintiff was hired as a police officer by Defendant and assigned to the Harrisburg Capitol College.

6.     At all times during her employment, Plaintiff was the only female police officer assigned to the Harrisburg Capitol College.

7.     This action arises under the Americans With Disabilities Act, Title VII of the Civil Rights Act of 1964, as amended, and the Reconstruction Era Civil Rights statues, and jurisdiction in this Court exists pursuant to 28 U.S.C. §1331 and § 1343. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

8.     Between 1990 and 1996, Plaintiff filed several administrative complaints of discrimination on the basis of her gender.

9.     After Plaintiff filed the last of those administrative complaints, Plaintiff and Defendant reached an agreement whereby Plaintiff withdrew her complaint in exchange for the University's commitment to cease and desist their unlawful course of conduct and to take steps to eradicate the past discriminatory practices.

10.     Defendant Supenski became Chief of Safety/Police Services in or around March 1996.

11.     At all times from Plaintiff's commencement of her employment through March 1996, matters regarding shift assignments, duty assignments and scheduling were performed on the basis of seniority.

12.     In or around January 1997, Plaintiff became the most senior officer at the Harrisburg campus and remained the only female employee of the Department.

13.     After Plaintiff became the most senior officer in the Department, Defendants abruptly changed their seniority-based practices and Supenski assumed all responsibilities for schedules and assignments in the exercise of his exclusive discretion.

14.     The change in policy resulted immediately in the least senior officer, a white male hired in or around the end of 1996, receiving the scheduling and assignments desired by Plaintiff.

15.     In and around this same period of time, Plaintiff began to experience problems with the least senior officer resulting from his inappropriate and unwelcomed words and actions.

16.     In or around January 1997, Supenski made accusations of misconduct on the part of Plaintiff and raised a variety of issues regarding Plaintiff's dealings with her co-workers and other ways in which her performance allegedly did not meet the expectations of the University.

17.     In or around the end of January 1997, Plaintiff requested that the EEOC reinstate her previously withdrawn discrimination complaint on the grounds that Defendants had not fulfilled their obligations under the agreement regarding the dismissal of that complaint.

18.     On or about February 6, 1997, Plaintiff initiated separate administrative proceedings alleging the discriminatory deprivation of the benefits of Plaintiff's employment as a result of her seniority status and in retaliation for her prior protected activities.

19.     On February 8, 1997, Plaintiff was summoned to a meeting with Supenski and Guy wherein she was interrogated for several hours regarding additional performance issues including allegations of criminal misconduct.

20.    At the time of the February 8, 1997 meeting, both Supenski and Guy were aware that Plaintiff was seeking to have her withdrawn Complaint reinstated and that she had initiated additional administrative proceedings.

21.    During the course of that meeting, and as a result of Defendant's continuing harassment, Plaintiff began to experience acute panic attacks, hyperventilation and chest pains and had to be taken to the hospital by ambulance where she was admitted for several days.

22.    In or around the end of February 1997, Supenski notified Plaintiff that he and Guy implemented a suspension of all Plaintiff's police powers and directed the surrender of her credentials.

23.    Plaintiff was informed that her police powers would be restored upon the satisfaction of certain conditions precedent, which conditions were thereafter satisfied by Plaintiff.

24.    Notwithstanding satisfaction of the conditions precedent, Plaintiff's police powers were never restored and Plaintiff was, as such, constructively discharged.

25.    In or around July 1999, Plaintiff requested assignment to a vacant position in the Department of Safety/Police Services, but was not given that assignment.

26.    On August 30, 1999, Plaintiff's employment was formally terminated.

27.    The actions, inactions and/or failures to act of Defendants Supenski and Guy as alleged herein were taken under color of law pursuant to an illicit agreement between and among them and others whose identity is currently unknown to cause damages and injuries to Plaintiff, as more fully set forth herein.

28.    All conditions precedent to a civil action in this Court have been satisfied.

## COUNT ONE

29.     Paragraphs 1-28 are incorporated herein by reference in their entirety.

30.     Defendants subjected Plaintiff to actions, to which similarly situated male co-workers were not subjected, that adversely affected the terms and conditions of her employment.

31.     As a direct and proximate result of Defendants' discrimination, Plaintiff was deprived of the benefits of her seniority status, was constructively discharged, and thereafter actually discharged, from her employment and has suffered, and continues to suffer, loss of income and benefits incidental to her employment in addition to the humiliation, aggravation, and anxiety of being discharged from her employment for unlawful reasons.

32.     The justifications of Defendants for altering the terms and conditions of her employment and for constructively and/or actually discharging Plaintiff from her employment are merely a pretext for intentional discrimination in violation of Title VII, causing Plaintiff to suffer the injuries and damages as alleged herein.

33.     The University is liable pursuant to Title VII for the damages and injuries to which Plaintiff has been subjected, and the individual Defendants are liable pursuant to 42 U.S.C. 1983 for the associated violations of Plaintiff's Fourteenth Amendment rights.

34.     Defendants actions were outrageous and were taken without regard for the rights of Plaintiff in furtherance of their common scheme and illicit plan, maliciously and with the specific intent to harm the Plaintiff as alleged herein.

**WHEREFORE,** Plaintiff , Dori L. Beard, demands judgment in her favor, and against Defendants, for compensatory damages, punitive damages, attorney's fees, costs and all appropriate equitable and/or legal relief to which she is or may be entitled.

## COUNT TWO

35.     Paragraphs 1-34 are incorporated herein by reference in their entirety.

36.     In addition, the actions to which Plaintiff has been subjected were pervasive and regular, objectively unreasonable, and personally offensive to Plaintiff and, as such, constituted a hostile work environment.

37.     As a direct and proximate result of Defendants' creation and maintenance of a hostile work environment, Plaintiff was deprived of the benefits of her seniority status, was constructively discharged, and thereafter actually discharged, from her employment and has suffered, and continues to suffer, loss of income and benefits incidental to her employment in addition to the humiliation, aggravation, and anxiety of being discharged from her employment for unlawful reasons.

38.     The University is liable pursuant to Title VII for the damages and injuries to which Plaintiff has been subjected, and the individual Defendants are liable pursuant to 42 U.S.C. 1983 for the associated violations of Plaintiff's Fourteenth Amendment rights.

39.     Defendants actions were outrageous and were taken without regard for the rights of Plaintiff in furtherance of their common scheme and illicit plan, maliciously and with the specific intent to harm the Plaintiff as alleged herein.

**WHEREFORE,** Plaintiff , Dori L. Beard, demands judgment in her favor, and against Defendants, for compensatory damages, punitive damages, attorney's fees, costs and all appropriate equitable and/or legal relief to which she is or may be entitled.

## COUNT THREE

40.     Paragraphs 1-39 are incorporated herein by reference in their entirety.

41.     Defendant's actions, inactions and/or refusals to act, as alleged herein, allowed Plaintiff to be subjected to discrimination on the basis of her gender, sexual harassment and a hostile work environment in violation of the protections afforded Plaintiff by Section 5 of the Pennsylvania Human Relations Act.

42.     As a direct and proximate result of Defendants' violation of the Pennsylvania Human Relations Act, Plaintiff was deprived of the benefits of her seniority status, was constructively discharged, and thereafter actually discharged, from her employment and has suffered, and continues to suffer, loss of income and benefits incidental to her employment in addition to the humiliation, aggravation, and anxiety of being discharged from her employment for unlawful reasons.

43.     Defendants actions were outrageous and were taken without regard for the rights of Plaintiff in furtherance of their common scheme and illicit plan, maliciously and with the specific intent to harm the Plaintiff as alleged herein.

**WHEREFORE,** Plaintiff , Dori L. Beard, demands judgment in her favor, and against Defendants, for compensatory damages, punitive damages, attorney's fees, costs and all appropriate equitable and/or legal relief to which she is or may be entitled.

## COUNT FOUR

44.     Paragraphs 1-43 are incorporated herein by reference in their entirety.

45     In addition, or in the alternative, Defendants' conduct toward Plaintiff was taken in retaliation for her having engaged in activity protected by Title VII and the PHRA.

46.     As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff was deprived of the benefit of her seniority status, was constructively discharged, and thereafter actually discharged, from her employment and has suffered, and continues to suffer, loss of income and benefits incidental to her employment in addition to the humiliation, aggravation, and anxiety of being discharged from her employment for unlawful reasons.

47.     The University is liable pursuant to Title VII and the PHRA for the damages and injuries to which Plaintiff has been subjected, and the individual Defendants are liable pursuant to 42 U.S.C. 1983 for the associated violations of Plaintiff's Fourteenth Amendment rights and pursuant to the PHRA.

48.     Defendants actions were outrageous and were taken without regard for the rights of Plaintiff in furtherance of their common scheme and illicit plan, maliciously and with the specific intent to harm the Plaintiff as alleged herein.

**WHEREFORE,** Plaintiff , Dori L. Beard, demands judgment in her favor, and against Defendants, for compensatory damages, punitive damages, attorney's fees, costs and all appropriate equitable and/or legal relief to which she is or may be entitled.

## COUNT FIVE

49.     Paragraphs 1-48 are incorporated herein by reference in their entirety.

50.     Plaintiff has been diagnosed as suffering from clinical depression.

51.     The adverse employment actions taken against Plaintiff, as alleged herein, were taken because the Defendants regarded Plaintiff as being disabled in violation of the Americans With Disabilities Act and Pennsylvania Human Relations Act.

52.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff was deprived of the benefit of her seniority status, was constructively discharged, and thereafter actually discharged, from her employment and has suffered, and continues to suffer, loss of income and benefits incidental to her employment in addition to the humiliation, aggravation, and anxiety of being discharged from her employment for unlawful reasons.

53.     Defendants actions were outrageous and were taken without regard for the rights of Plaintiff in furtherance of their common scheme and illicit plan, maliciously and with the specific intent to harm the Plaintiff as alleged herein.

**WHEREFORE,** Plaintiff , Dori L. Beard, demands judgment in her favor, and against Defendants, for compensatory damages, punitive damages, attorney's fees, costs and all appropriate equitable and/or legal relief to which she is or may be entitled.

## COUNT SIX

54.     Paragraphs 1-53 are incorporated herein by reference in their entirety.

55.     Plaintiff has a recognized liberty and/or property interest in her continuing employment and in keeping and maintaining her credentials as a police officer and is entitled to reasonable notice and an opportunity to respond to any allegations or actions that may adversely impact her employment and/or credentials.

56.     Plaintiff was deprived of reasonable notice and a fair opportunity to respond to the allegations that form the basis of the actions taken against her and, as a result, suffered the loss of employment and her credentials as a police officer and has suffered, and continues to suffer, loss of income and benefits incidental to her employment in addition to the humiliation, aggravation, and anxiety of being discharged from her employment for unlawful reasons.

57.     Defendants actions were outrageous and were taken without regard for the rights of Plaintiff in furtherance of their common scheme and illicit plan, maliciously and with the specific intent to harm the Plaintiff as alleged herein.

**WHEREFORE,** Plaintiff, Dori L. Beard, demands judgment in her favor, and against Defendants, for compensatory damages, punitive damages, attorney's fees, costs and all appropriate equitable and/or legal relief to which she is or may be entitled.

Respectfully Submitted by,

Andrew J. Ostrowski, Esquire
I.D. No.: 66420
4311 North Sixth Street
Harrisburg, PA 17110
(717) 221-9500

February 27, 2001                    Attorney for Plaintiff