ORIGINAL

FILED
HARRISBURG, PA
JUL 19 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DORI L. BEARD<br>Plaintiff | : NO.: 1:CV-01-0374<br>:<br>: |
| v. | : Judge Caldwell<br>: |
| PENNSYLVANIA STATE UNIVERSITY,<br>PENN STATE HARRISBURG, CAPITOL<br>COLLEGE, LEONARD J. SUPENSKI, and<br>DOROTHY GUY, in their individual capacity,<br>Defendants | :<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED |

## MOTION FOR RECONSIDERATION

**AND NOW**, comes Plaintiff, Dori L. Beard, through her attorney Andrew J. Ostrowski, Esquire, and in support of Plaintiff's Motion for Reconsideration, avers as follows:

1. By Order dated July 9, 2002, this Court granted Defendants' Motion for Summary Judgment and dismissed all Plaintiff's claims.[1]

2. While the Court recites the summary judgment standard prior to its discussion of the merits of Defendants' Motion, Plaintiff cannot discern how that standard actually governed the disposition of Defendant's Motion as it appears clear that the Court viewed the evidence in the light most favorable to Defendants, resolved manifest factual disputes against Plaintiff, failed to consider the myriad of reasonable inferences that support Plaintiff's claims and, in effect, relieved Defendant

---

[1] The Order and Memorandum were not received by Plaintiff's Counsel until July 15, 2002.

of its burden, and failed to otherwise conduct a review of the record sufficient to justify granting this extreme remedy and denying Plaintiff her right to a trial.

3. In addition, the Court committed errors of law underlying its analysis of Plaintiff's claims including, *inter alia*, failing to consider the exhaustion of remedies principles relied upon by Plaintiff and failing to consider principles particularly applicable to summary judgment motions in discrimination cases.

4. While reconsideration is not routinely granted, Plaintiff deems it warranted to seek reconsideration to correct the manifest errors that have deprived Plaintiff of her day in court. Moreover, even if the Court does not ultimately vacate its July 9, 2002 Order, reconsideration is appropriate to address Plaintiff's contentions that the Court exceeded and/or otherwise failed to properly apply the summary judgment standard of review in order for the Third Circuit to have a fully developed record from which to evaluate this important issue that is increasingly being used to deny civil rights plaintiffs their rights under federal law.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter an appropriate order granting reconsideration of its July 9, 2002 Opinion and Order.

By _____
Andrew J. Ostrowski, Esquire
I.D. No. 66420
4311 North Sixth Street
Harrisburg, PA 17110
(717) 221-9500
Attorney for Plaintiff

Dated: July 19, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DORI L. BEARD<br>    Plaintiff | : NO.: 1:CV-01-0374<br>:<br>: |
| v. | : Judge Caldwell<br>: |
| PENNSYLVANIA STATE UNIVERSITY,<br>PENN STATE HARRISBURG, CAPITOL<br>COLLEGE, LEONARD J. SUPENSKI, and<br>DOROTHY GUY, in their individual capacity,<br>    Defendants | :<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED |

## CERTIFICATE OF NON-CONCURRENCE

I, Andrew J. Ostrowski, hereby certify that I attempted to contact Counsel for Defendants who was on vacation, and, presumably, does not concur in the foregoing motion.

 

_[signature]_
Andrew J. Ostrowski
4311 North Sixth Street
Harrisburg, PA 17110
(717) 221-9500

Dated: July 19, 2002

## CERTIFICATE OF SERVICE

I, Andrew J. Ostrowski, hereby certify that I have served a true and correct copy of the foregoing document by depositing such in the regular U.S. Mail, addressed as follows:

Jeanine C. Gismondi, Esquire
811 University Drive
State College, PA 16801-6699

_____
Andrew J. Ostrowski
4311 North Sixth Street
Harrisburg, PA 17110
(717) 221-9500

Dated: July 19, 2002